Filed 5/1/24; Certified for Publication 5/22/24 CA2/8

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOHN SANDY CAMPBELL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LOS ANGELES UNIFIED<br>SCHOOL DISTRICT,<br><br>Defendant and Respondent. | B321756<br><br>Los Angeles County<br>Super. Ct. No. 18STCV04662 |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

John Sandy Campbell, in pro. per., for Plaintiff and Appellant.

Cristina Cruz and Kelly Kim for Defendant and Respondent.

_____

In a dense, 32-page decision, the Commission on Professional Competence upheld John Sandy Campbell's dismissal from employment with the Los Angeles Unified School

District.  Campbell challenged this decision by filing a petition for writ of mandate in the superior court.

In a dense, 31-page ruling, the court, exercising its independent judgment, denied Campbell's petition and upheld her dismissal.  We affirm because Campbell has not demonstrated error.  Statutory references are to the Education Code.

Campbell worked as a Resource Specialist Teacher at Chavez Social Justice Humanitas Academy from 2015 to 2017.  Her role involved developing Individualized Education Programs for students with special needs.

The District maintained it appropriately dismissed Campbell because, among other things, she was excessively absent from school, which negatively affected students and staff.  The Commission agreed.

The proceedings to adjudicate Campbell's dismissal were extensive, with the administrative hearing spanning 11 days.  Campbell's appellate brief does not present these proceedings or the evidence in any detail.  At times she provides citations to the administrative record.  Mostly, she does not provide record citations, or she cites the Commission's findings, her briefing to the superior court, or the court's decision instead of citing the evidence.  Campbell similarly omitted record citations at the superior court.

Campbell's appellate brief says there are two issues on appeal.  She contends the superior court erred in affirming her dismissal because (1) the Commission miscited and applied the wrong statutory subdivisions at Campbell's dismissal hearing, and (2) the court failed to apply "new" precedent (*San Dieguito Union High School District v. Commission on Professional*

*Competence* (1982) 135 Cal.App.3d 278 (*San Dieguito*)) when determining Campbell's fitness to teach.

Typically, in writ cases like this challenging a dismissal, we review the administrative decision—not the trial court's—for abuse of discretion. (E.g., *Griego v. City of Barstow* (2023) 87 Cal.App.5th 133, 139.) Here we address the trial court's ruling to the extent necessary to address Campbell's two appellate issues. Further, while the parties agree our standard of review is abuse of discretion, to the extent Campbell's appellate issues raise pure questions of law, we review them independently. (See *Tafti v. County of Tulare* (2011) 198 Cal.App.4th 891, 896.)

On Campbell's first issue, the District conceded, and the superior court recognized, that the Commission cited incorrect subdivisions of section 44932 in its legal conclusions. The court properly addressed and dismissed this issue in its decision. As the court noted, the Commission accurately listed, by name, the correct section 44932 causes for Campbell's dismissal in these legal conclusions. These causes were: unprofessional conduct, evident unfitness for service, and persistent violations of school rules. The Commission also separately and accurately defined these causes in its decision. This adequately apprised Campbell of the bases for her dismissal. Indeed, Campbell identified the correct statutory bases for her dismissal in her writ petition.

Campbell also appears to take issue with the Commission's citation to section 44939, but she has not established any error here.

Within her argument of her first appellate issue, Campbell appears to challenge the sufficiency of the evidence supporting the bases for her dismissal. Campbell's brief is inadequate for this task.

3

To prevail on a sufficiency of the evidence argument, litigants must present their cases "consistently with the substantial evidence standard of review. That is, [they] must set forth in [their] opening brief *all* of the material evidence on the disputed elements" in the light most favorable to the prevailing party, "and then must persuade us that evidence cannot reasonably support" the result reached. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1574 (*Sanghera*).) An appellant who fails to present all the relevant evidence, or fails to present it in the light most favorable to the respondent, cannot carry her burden on a sufficiency challenge, as support for the result "may lie in the evidence [s]he ignores." (*Ibid.*)

Campbell did not survey the evidence at the administrative hearing and did not present it favorably to the District. Instead of supporting her insufficiency argument with citations to the evidence, she leans on her briefing to the superior court and the court's decision. We need not do appellants' work for them and accordingly reject Campbell's insufficiency challenge. (See *Sanghera, supra,* 139 Cal.App.4th at pp. 1573–1574; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*Malibu Hillbillies*); see also *id.* at p. 156 [appellate courts are not required to search the record for error].)

In its response brief, the District noted the deficiencies in Campbell's opening brief. Yet Campbell elected not to reply.

On the second issue, Campbell faults the superior court for relying on *California School Employees Association v. Jefferson Elementary School District* (1975) 45 Cal.App.3d 683 (*Jefferson Elementary*) in upholding her dismissal. *Jefferson Elementary* is good law, and Campbell does not demonstrate the court's reliance was inappropriate. That case, like this one, involved excessive

4

absences that increased others' workloads and appropriately resulted in dismissal.  (See *Jefferson Elementary*, *supra*, 45 Cal.App.3d at pp. 687–689.)

Campbell maintains a more recent case (*San Dieguito*) shows the superior court erred.  Her argument seems to be the court upheld her dismissal based on the number of her absences, yet *San Dieguito* says numbers alone are not determinative.  Campbell raised this issue at the hearing on her petition, and the court explained why *San Dieguito* is distinguishable:  the parties there had stipulated that the teacher's absences were for reasons considered legitimate under district policy, unlike here, and that case did not involve the many directives regarding attendance and substantiation that Campbell received (and violated).  (See *San Dieguito*, *supra*, 135 Cal.App.3d at pp. 282 & 286–288.)

More to the point, the superior court did not uphold Campbell's dismissal solely based on the number of her absences.  In its written ruling, the court stated Campbell was absent or tardy almost 38% of her workdays for the 2015–2016 school year and 45% of her workdays for the following school year.  The court observed "Campbell's poor attendance has had a negative impact on students and burdened her fellow teachers."  The court also pointed to conduct apart from absenteeism (and its effect on students and teachers) that justified discipline, noting the "sheer magnitude" of Campbell's "collective failures" separated her from teachers who might fail to attend or complete something.  In upholding the penalty of dismissal, the court recognized:  "During both years, [Campbell] was notified of the adverse effects her poor attendance record had on her students in the majority of the conference memoranda issued to her."  Campbell nevertheless "treated her position as a part-time job" to the detriment of her

5

students and fellow teachers and "came to work when she did not have other matters to which she gave priority . . . in the face of repeated directives to come to work every day on a timely basis, and to stay all day."

Within her argument of her second appellate issue, Campbell makes other points concerning her competence, absences, protected leave, and certifications/verifications for her absences. Because these points lack evidentiary citations, they are forfeited. (See *Malibu Hillbillies*, *supra*, 36 Cal.App.5th at p. 163.)

Campbell acknowledges the Commission found she was absent 52 days and partially absent/tardy 97 times over two school years. She argues some of her tardies were extremely minor, other teachers were tardy, yet no one else was disciplined or was required to submit GPS traffic printouts when they claimed traffic caused their tardiness. Campbell complains of other disparate treatment. She also claims the District provided unreliable bus transportation that affected her child and caused her to be late to work, the District lost her child once, and the school's office manager admitted to hiding Campbell's absent/illness documents for a three-month period. Campbell does not show how any of this affects the total picture such that it requires overturning her dismissal. (See *Malibu Hillbillies*, *supra*, 36 Cal.App.5th at pp. 146 & 153 [appellants must supply cogent argument supported by legal analysis and record citations to demonstrate error].)

Campbell had the burden of demonstrating error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) She failed to overcome the presumption that the result here was correct. (*See ibid.*)

6

## DISPOSITION

We affirm the judgment and award costs to the District.


WILEY, J.

We concur:


STRATTON, P. J.


GRIMES, J.

Filed 5/22/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOHN SANDY CAMPBELL, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, <br><br> Defendant and Respondent. | B321756 <br><br> (Los Angeles County Super. Ct. No. 18STCV04662) <br><br> **ORDER CERTIFYING OPINION FOR PUBLICATION** <br><br> **[No change in judgment]** |

THE COURT:

     The opinion in the above-entitled matter filed on May 1, 2024, was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

     There is no change in the judgment.

_____

STRATTON, P. J.         GRIMES, J.         WILEY, J.